UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. RILEY EL, <br><br> Plaintiff, <br><br> v. <br><br> J.B. PRITZKER, ROB JEFFREYS, DAVID GOMEZ, SUZANNE BAILEY, QUINTIN TANNER, AND JOHN & JANE DOES #1–10, <br><br> Defendants. | No. 19 C 02002 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiff William D. Riley El, who is currently incarcerated at Stateville Correctional Center ("Stateville"), has sued Illinois Governor J.B. Pritzker, Rob Jeffreys, the Director of the Illinois Department of Corrections ("IDOC"), Stateville's Warden David Gomez, and various other IDOC and Stateville personnel under 42 U.S.C. § 1983 for failing to provide him a renal diet to manage his kidney disease. Governor Pritzker, Jeffreys, and Gomez ("Defendants") have moved to dismiss various claims against them for failure to state a claim. For the reasons stated below, the motion is granted.

## Background

Riley El suffers from renal failure. Am. Compl. ("Compl.") ¶ 7, ECF No. 57. His condition requires him to receive hemodialysis ("dialysis") three times per week. *Id.* ¶¶ 14, 16. Due to his renal failure and dialysis treatments, Riley El's doctors recommend that he follow a "renal diet" that is high in protein and low in sodium,

potassium, and phosphorus. *Id.* ¶¶ 18–19. According to Riley El, despite numerous dietary orders from his medical professionals, IDOC has failed to provide him with a renal diet by consistently refusing to give him extra servings of meat, as ordered by his specialists, and frequently giving him peanut butter, which is high in phosphorous. *Id.* ¶¶ 19, 27–28, 31–34.

Riley El filed grievances with IDOC about his diet on several occasions from 2017 to 2019. *Id.* ¶¶ 23–24, 35. In response, IDOC staff told Riley El that his dietary restrictions were being followed. *Id.* ¶ 25. On September 17, 2019, Riley El wrote a letter to Warden Gomez, IDOC Director Jeffreys, and Governor Pritzker, among others, in which he notified them of IDOC's failure to comply with his dietary restrictions. *Id.* ¶ 37. In a reply letter, Warden Gomez insisted that Riley El's dietary restrictions were being observed. *Id.* ¶ 38.

Riley El alleges that his renal failure has "continue[d] to worsen" during his incarceration, and that this decline is partially due to IDOC's ongoing failure to provide him with a renal diet. *Id.* ¶¶ 40, 41. He brought this lawsuit, alleging that, by failing to provide him with a renal diet, Defendants and their subordinates at IDOC and Stateville have violated his Eighth Amendment right to receive constitutionally adequate medical treatment while incarcerated. Defendants Gomez (sued in his individual and official capacities), Jeffreys (sued in his individual and official capacities), and Governor Pritzker[1] have filed a motion to dismiss the claims against them for failure to state a claim.

---

[1] The complaint does not state in which capacity Governor Pritzker is sued.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Analysis**

**A. Individual Capacity Claims Against Governor Pritzker, Jeffreys, and Gomez**

"Because depriving a prisoner of medical care serves no valid penological purpose, 'deliberate indifference to serious medical needs of prisoners constitutes the

3

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (cleaned up). To state an Eighth Amendment claim for deprivation of medical treatment, a plaintiff "must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

Defendants do not contest, at this stage, that Riley El adequately pleaded that he suffers from an objectively serious medical condition. Instead, they argue that Riley El's allegations do not permit the inference that Defendants were deliberately indifferent to his medical needs. More specifically, they claim that Riley El has not pleaded that Warden Gomez, Director Jeffreys, or Governor Pritzker caused or participated in any deprivation of medical care.

As is true for any claim brought under § 1983, an Eighth Amendment deliberate indifference claim requires the plaintiff to show that the particular defendant was "personally responsible" for the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). There is no vicarious liability in § 1983 actions, so defendants are "responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Thus, a supervisory prison official may only be personally liable under § 1983 "if the conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge and consent." *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (quoting *Gentry*, 65 F.3d at 561). This means, in practice, that a supervisor

4

must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Gentry*, 65 F.3d at 561.

Here, Riley El has not met this bar with respect to his claims against Gomez, Jeffreys, or Governor Pritzker. First turning to the Governor, the sum of Riley El's allegations as to Governor Pritzker are that he has "control of the IDOC," that he knows or should know that some prisoners require specialized diets, and that he received a letter from Riley El containing details about IDOC's failure to accommodate his dietary needs. Compl. ¶¶ 8, 37.

Similarly, with respect to Jeffreys and Gomez, Riley El claims only that they knew or should have known that dialysis patients require a special diet, *id.* ¶¶ 8–9, that they "had the power to ensure that proper nutrition was provided" to him, *id.*, and that despite receiving the same letter as the Governor, they failed to intervene— Jeffreys did nothing, and Gomez sent Riley El a letter stating that his needs were being met. *Id.* ¶¶ 37–38.

As the Seventh Circuit explained in *Burks v. Raemisch*, however, a prisoner must allege more than this to state a deliberate indifference claim against a high-level prison or government official. 555 F.3d at 593. There, the plaintiff contended that high level Wisconsin Department of Corrections and prison officials were deliberately indifferent to his eye condition because he had written them letters and grievances informing them of his condition, but they did not address the problem. *Id.* In affirming the district court's dismissal of those claims, the Seventh Circuit explained:

5

> Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Id.* at 595. *Burks* forecloses the claims as currently pleaded. Drawing all inferences in Riley El's favor, the complaint only alleges that Governor Pritzker, Jeffreys, and Gomez knew about Riley El's complaints and did not get involved. This is not enough to state a claim. High-level state and prison officials without medical training cannot be held liable for their "failure to tell [the prison's] medical staff how to do its job." *Id.* at 596; *see Taylor v. Carter*, No. 3:21-CV-852-RLM-MGG, 2022 WL 1686548, at *3 (N.D. Ind. May 26, 2022) (holding prisoner failed to state deliberate indifference claim where he had written letters to the director of the state corrections department and the warden of his facility); *Richard v. Pritzker*, Case No. 19-cv-1308-DWD, 2022 WL 476241, at *2–3 (S.D. Ill. Feb. 16, 2022) (dismissing deliberate indifference claims against Governor Pritzker and Jeffreys where complaint alleged only that they had not acted when plaintiff sent letters to them). Accordingly, the claims against Governor Pritzker, Jeffreys, and Gomez in their individual capacities are dismissed.

**B.     Official Capacity Claims Against Governor Pritzker and Jeffreys**

Defendants also move to dismiss the claims against Governor Pritzker and Jeffreys in their official capacities. They reason that, because every suit against a

government official in their official capacity is actually a suit against the entity the official represents, the official-capacity claims against the Governor and Jeffreys are duplicative of the official-capacity claim against Gomez.

The Court agrees. All three official-capacity claims are, in reality, claims for relief against IDOC, an agency of the State of Illinois; only one such claim is needed. *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents."); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Doe v. Sch. Dist. U-46*, 557 F. Supp. 3d 860, 871 (N.D. Ill. 2021).

Riley El's invocation of *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), for the proposition that "when a higher level official participated in or [has] knowledge of constitutional wrongdoing, then a prisoner may attribute his constitutional claims to a higher official" is inapposite. Pl.'s Resp. Defs.' Partial Mot. Dismiss at 6, ECF No. 73. *Antonelli* held that higher-level prison officials could be liable for deliberate indifference claims in their *individual* capacities, upon a showing that they personally participated in the deprivation of the plaintiff's rights. 81 F.3d at 1428. It said nothing about official-capacity claims.

As Defendants point out, Gomez is the proper representative of IDOC in this case since he would be the one to carry out the injunctive relief (provision of a renal diet) that Riley El seeks. Compl. ¶ 54; *see Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding current warden of plaintiff's facility was the proper defendant to implement injunctive relief in a deliberate indifference action). The Court

accordingly grants Defendants' motion to dismiss the official-capacity claims against Governor Pritzker and Jeffreys.

**C.      Leave to Amend**

In his response to the motion to dismiss, Riley El requests leave to amend his complaint. Generally, "court[s] should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard establishes a presumption in favor of giving plaintiffs at least one opportunity to amend. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015). But the Court "may deny leave to amend when such amendment would be futile." *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018).

Riley El has already amended his complaint once. But he has only had the assistance of counsel for one of his complaints. And Defendants do not argue that amendment would be futile. Therefore, the Court will allow Riley El one final chance to reassert his individual-capacity claims, if he can in good faith plead allegations showing that Governor Pritzker, Jeffreys, or Gomez actually knew that IDOC had failed to provide Riley El his medically necessary renal diet and "facilitated it, approved it, condoned it, or turned a blind eye." *Gentry*, 65 F.3d at 561 (cleaned up).[2] The dismissal of those claims will be without prejudice. The Court denies leave to amend with respect to the official-capacity claims against Governor Pritzker and

---

[2]      This new evidence might include, for example, information about the contents of the letters. *See, e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (numerous "coherent and highly detailed" letters to prison officials sufficed to state a claim against them for deliberate indifference); *Gentry*, 65 F.3d at 561 (denial of summary judgment on deliberate indifference claim where prisoner sent "many letters" to prison superintendent regarding the deprivation of his right to access the courts).

Jeffreys, however, because no new facts will make them any less redundant to Riley El's surviving official-capacity claim against Gomez. The official-capacity claims are therefore dismissed with prejudice.

## Conclusion

For the reasons set forth above, the Court grants Defendants' motion to dismiss in its entirety. The dismissal is with prejudice as to the claims against Governor Pritzker and Jeffreys in their official capacities, and without prejudice as to the claims against Governor Pritzker, Jeffreys, and Gomez in their individual capacities. Riley El has thirty days from the date of this order, or until October 19, 2022, to file a second amended complaint. If no second amended complaint is filed by that date, the dismissal of the individual-capacity claims shall become with prejudice.

ENTERED:

_Thomas M Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

DATED: September 19, 2022